CLD-146                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3397
_____

WILLIE EDWARDS, JR.,
                            Appellant

v.

BAY STATE MILLING COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:10-cv-05309)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2013
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

        Willie Edwards, Jr., proceeding pro se, appeals from an order of the United States

District Court for the District of New Jersey granting Bay State Milling Company's ("the

Company") motion to dismiss.  Because his appeal is lacking an arguable basis in law,

we will dismiss it.

I.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. Edwards is a former employee of the Company's Clifton, New Jersey facility whose employment was terminated in February 2009. He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 18, 2009, alleging discrimination based upon his race. The EEOC sent him a Notice of Right to Sue on, at the latest, December 31, 2009.[1]

On October 6, 2010, Edwards filed his complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 623, in the United States District Court for the Southern District of New York. In his complaint, he alleged that the Company engaged in race discrimination by subjecting only African-Americans to drug testing. On October 15, 2010, Edwards' case was transferred from the Southern District of New York to the District of New Jersey. The Company filed a motion to dismiss on December 9, 2011, which the District Court granted on July 31, 2012. Edwards timely filed this appeal.

II.

---

[1] The EEOC's Notice of Right to Sue, submitted by the Company in support of its motion to dismiss, is clearly dated December 2009. However, the day it was issued is not clear from the date stamp. Accordingly, we assume that the Notice was issued, at the latest, on December 31, 2009.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Because Edwards is proceeding in forma pauperis, we must dismiss his appeal under 28 U.S.C. § 1915(e)(2)(B) if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

Under Title VII, a plaintiff wishing to file a complaint must do so in federal court within ninety days of receipt of the EEOC's Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1); see also Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). A letter is "received" when it is delivered to a claimant's residence or post office box, not when the claimant has actual physical possession of the letter. See Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 115 n.15 (3d Cir. 2003). When the actual date of receipt is known, that date controls; where the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it. See Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).

3

Here, Edwards filed his charge on May 18, 2009, and the EEOC issued a Notice of Right to Sue on December 31, 2009 at the latest. Nothing in the record indicates the actual date Edwards received the Notice; therefore, we presume that he received it on January 4, 2010.[2] See id. Edwards had ninety days from January 3, 2010, or until Monday, April 5, 2010, to file his complaint.[3] However, he did not do so until October 6, 2010, approximately six months too late. Accordingly, Edwards' Title VII claim was untimely filed, and the District Court properly granted the Company's motion to dismiss this claim.

A plaintiff wishing to allege a violation of the ADEA must file an "administrative discrimination charge [with the EEOC] within 300 days of the challenged employment action." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (alteration in original); see also 29 U.S.C. § 626(d)(2). Edwards' charge, filed within 300 days of his termination, only alleged discrimination based upon his race, and he has not presented any evidence that he ever filed an age discrimination charge with the EEOC within 300 days of a challenged employment act. Accordingly, the District Court properly granted the Company's motion to dismiss Edwards' ADEA claim.

IV.

_____

[2] January 3, 2010 fell on a Sunday. Accordingly, January 4, 2010 is the third day after December 31, 2009 on which mail would have been delivered.

[3] Ninety days after January 3, 2010 falls on Saturday, April 3, 2010. However, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C) (noting that the rule applies to "any statute that does not specify a method of computing time").

For the foregoing reasons, we hold that Edwards' appeal lacks an arguable basis in law, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

---

[4] The District Court did not provide Edwards leave to amend his complaint before dismissing it with prejudice. We conclude that the District Court did not err in declining to allow Edwards an opportunity to amend because we do not see how any amendment to his complaint would save his claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that a court should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").